UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CMG WORLDWIDE INC., an Indiana corporation, <br><br> Plaintiff, <br><br> vs. <br><br> ADIDAS AG, a German corporation; ADIDAS AMERICA, INC., an Oregon corporation; and DOES 1-10, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) )    CASE NO. _____ |

## COMPLAINT

Comes now, CMG Worldwide Inc. ("CMG"), by counsel, and for its Complaint (the "Complaint") against adidas AG, adidas America, Inc. (collectively, "adidas"), and Does 1 – 10, does now allege as follows:

### I.   NATURE OF THE ACTION.

1.   This action arises from adidas' willful infringement of CMG's rights to legendary baseball player Jack Roosevelt Robinson ("Jackie Robinson") through adidas' marketing, promotion, and sale of certain specialty baseball cleats, trainers, and apparel using the name, likeness, image, signature, and persona of Jackie Robinson without CMG's consent.

2.   In addition to offering for sale and selling these products, adidas sent specialty baseball cleats, trainers, batting gloves, and arm sleeves which bore Jackie Robinson's name, likeness, image, and signature to several Major League baseball players, including Mike Moustakas, Josh Harrison, Zack Burdi, Willy Adames, and Eric Thames, to name a few, and then shared the players' posts thanking adidas for the merchandise on social media websites such as Twitter.

3.      adidas also heavily advertised the specialty baseball cleats, trainers, and apparel on its website and its own social media webpages, including Twitter and Instagram.

4.      adidas' conduct constitutes false endorsement and unfair competition under 15 U.S.C. § 1125(a), violation of the right of publicity under Ind. Code § 32-36-1-8, common law unfair competition, and unjust enrichment.

5.      adidas' appropriation and misuse of Jackie Robinson's name, likeness, image, signature, and persona on and/or in connection with the marketing, promotion, and sale of certain specialty baseball cleats, trainers, and apparel is willful, oppressive, and malicious, and is intended to cause confusion about the endorsement or sponsorship of the product.

6.      To halt adidas' infringing acts and compensate CMG for the ongoing harm that adidas is intentionally causing, CMG is entitled to injunctive relief and profits, actual and/or statutory damages, treble damages, treble damages, and attorneys' fees as claimed by CMG in this exceptional case.

## II.      THE PARTIES.

7.      CMG is a corporation, existing under the laws of the State of Indiana, incorporated in Indiana and has its principal place of business at 10500 Crosspoint Boulevard, Indianapolis (Hamilton County), Indiana.

8.      On information and belief, Defendant adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at D-91074 Herzogenaurach, Federal Republic of Germany.

9.      On information and belief, Defendant adidas America, Inc. is an Oregon corporation and has its principal place of business at 5055 North Greeley Avenue in Portland, Oregon.

10.     CMG does not know the true names and capacities of defendants Does 1-10, inclusive, and therefore sues defendants by such fictitious names.  CMG is informed and believes and therefore alleges that each of these fictitiously named defendants is responsible for the occurrences alleged in this Complaint, and that CMG's damages alleged herein were proximately

caused by such actions.  When CMG ascertains the true names and capacities of Does 1-10, it will amend this Complaint accordingly.

### III.    JURISDICTION AND VENUE.

11.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121, and has subject matter jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b) and 1332 because these claims are joined with substantial and related claims under the federal Lanham Act.

12.     This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because CMG and adidas are citizens of different states and the amount in controversy exceeds $75,000.

13.     This Court has personal jurisdiction over adidas because, on information and belief, adidas:  (a) conducts substantial business in Indiana and in this judicial district; (b) has substantial, continuous, and systematic contacts with Indiana; and (c) purposefully avails itself of the benefits and protections of Indiana's laws.  Specifically, on information and belief, adidas has conducted business in Indiana via its website at adidas.com and by way of the distribution of goods and/or services in Indiana, including the goods at issue in this action.  On information and belief, in conducting its business in Indiana, adidas has caused injury to CMG by a series of acts performed in Indiana and has also caused injury to CMG in Indiana resulting from a series of acts done outside of the state by conducting and soliciting business in Indiana and deriving substantial benefit from goods and services rendered in Indiana, such as transporting or causing to be transported into Indiana goods, merchandise, services, and/or other materials created or used in violation of CMG's rights.

14.     On information and belief, adidas also caused advertising, marketing, and/or promotional material created or used in violation of CMG's rights to be published, distributed, exhibited, and/or disseminated within Indiana.

15.     On information and belief, adidas maintains the aforementioned website (adidas.com) by which individuals, corporations, and unincorporated entities around the world, including those in Indiana, can purchase adidas' merchandise, including but not limited to, the

Unauthorized Merchandise, on line.  Moreover, on information and belief, adidas' products are sold via distributors and retailers that do business and/or exist in the state of Indiana, and/or which distributors and/or retailers of adidas cause adidas' goods and/or services, including those herein complained of, to be sold, marketed, advertised for sale, and/or actually offered for sale and sold in the state of Indiana to Indiana residents.

16.     Furthermore, CMG's dealings with adidas relevant to this action have been based out of Indiana, where CMG maintains its headquarters.  The exercise of jurisdiction over adidas is permitted by the Indiana long arm statute, Ind. Code § 32-36-1-9, and comports with due process.

17.     Venue in this judicial district is proper under 28 U.S.C. § 1391 because adidas committed a substantial portion of the acts complained of in this district, adidas' conduct caused harm to CMG in this district, and adidas transacts business within Indiana.

### IV.     FACTUAL ALLEGATIONS.

### A.     CMG's Exclusive Rights in Jackie Robinson's Name, Image, Signature and Likeness

18.     CMG is the exclusive, worldwide agent and representative for the estate of Jackie Robinson ("the "Robinson Estate") and his wife Mrs. Rachel Robinson, and is the sole proprietor of certain trademark rights, the right of association and sponsorship, and the right of publicity in and to the name, image, voice, signature, and likeness of the late Jackie Robinson.  CMG licenses Jackie Robinson's name, likeness, images, signatures, persona, and other related indicia to third parties.  Under its various agreements with the Robinson Estate, CMG is charged with the exclusive responsibility and authority to enforce Jackie Robinson's intellectual property rights.

19.     Jackie Robinson is one of the most famous athletes in U.S. history, as well as a hero of the American Civil Rights Movement.  Jackie Robinson grew up in Pasadena, California and played sports for Pasadena Junior College and later for the University of California, Los

Angeles ("UCLA"), where he won varsity letters in baseball, basketball, football, and track and was named to the All-American football team in 1941.

20.     Jackie Robinson became the first African American to play major league baseball in the modern era when he was signed to the Brooklyn Dodgers in 1947, breaking the league's color barrier.  This was significant not just for major league baseball, which had been segregated since 1889, but affected the integration of American professional athletics as a whole.

21.     Jackie Robinson went on to receive the inaugural Major League Baseball ("MLB") Rookie of the Year Award in 1947 and was also the first African American baseball player to receive the National League Most Valuable Player Award.  During his illustrious 10-year career in baseball, Jackie Robinson was an All-Star for six consecutive seasons, played in six World Series, and contributed to the Dodgers' 1955 World Series championship.

22.     In 1981, the UCLA baseball field named "Jackie Robinson Stadium" was opened, and in 1984, Jackie Robinson was inducted into the UCLA Hall of Fame.  In 1988, "Jackie Robinson Memorial Field," next to the Rose Bowl in Pasadena, was also dedicated to and named in Jackie Robinson's honor.

23.     In 1997, the MLB retired Jackie Robinson's uniform number, 42, across all major league teams.  The MLB also adopted the annual tradition "Jackie Robinson Day," held for the first time on April 15, 2004 (and every year after), on which every player on every team wears the number 42.

24.     In addition to his achievements on the baseball field, Jackie Robinson was known for his character and his courage and grace in the face of inequality and racism.  After his retirement from baseball, Jackie Robinson became the first African American vice president of a major American corporation and continued to work tirelessly for racial equality, including by serving in numerous campaigns for the NAACP and also serving on the organization's board of directors.

25.     "42," a biographical film about Jackie Robinson, was released in 2013; the film was incredibly popular at the box office and with critics.  Given the recent inauguration of Jackie

5

Robinson Day and the celebration of his life in film, Jackie Robinson remains the subject of attention, publicity, and comment in the present day.

26.     Based on the media's longstanding and extensive coverage of Jackie Robinson and his status as an exceptional baseball player and Civil Rights hero, Jackie Robinson's name, image, and likeness have earned worldwide fame and recognition and are well-known by members of the public as identifying him.  CMG has therefore worked extensively to build and sustain Jackie Robinson's brand, along with the rights to his intellectual property, to honor him and to foster a continuing celebration of his legacy.

27.     CMG's exclusive rights with respect to Jackie Robinson's intellectual property rights are extremely valuable due to Jackie Robinson's fame and distinctiveness and to CMG's considerable efforts in building and protecting his brand and intellectual property rights.

### B.    **adidas' Unauthorized Use Of Jackie Robinson's Name, Image, Signature, and Likeness**

28.     adidas designs and manufactures specialty sportswear including shoes, apparel, and accessories.

29.      CMG entered into contracts with adidas in 2015 and 2016 authorizing adidas and/or its affiliate(s) to feature the name and likeness of Jackie Robinson in certain promotions and commercial items.  adidas acknowledged CMG's right of publicity and related rights with respect to Jackie Robinson in these agreements.  The 2016 contract expired on December 31, 2016.

30.     Prior to the expiration of the 2016 contract, representatives of CMG, based in Indianapolis, Indiana, began negotiations with representatives of adidas for adidas' use of Jackie Robinson's name, image, signature, and likeness on a limited amount of apparel and for the marketing and sale of this apparel through adidas-owned social media posts in 2017.  However, CMG and adidas were unable to reach agreement on the material terms, and never entered or executed any contract for adidas to exploit the name, image, or likeness of Jackie Robinson in 2017.

31.     On March 31, 2017, after multiple unsuccessful attempts to reach an agreement for the use of Jackie Robinson's name, image, signature, and likeness in connection with adidas' products and social media posts in anticipation of the forthcoming Jackie Robinson Day on April 15, 2017, representatives of CMG explicitly attempted to confirm that adidas would not be promoting or selling any products using Jackie Robinson's name, image, and likeness on Jackie Robinson Day, given that no agreement had been reached.

32.     Despite its lack of an agreement with CMG to use Jackie Robinson's name, image, and likeness, adidas proceeded to launch the specialty baseball cleats, trainers, batting gloves, arm sleeves, and other apparel (collectively, the "Infringing Merchandise").  Upon information and belief, adidas did so relying solely on the aforementioned failed negotiations in order to take advantage of the opportunity to profit from the upcoming 70th anniversary of Jackie Robinson's first appearance on the baseball field as a member of the Brooklyn Dodgers.

33.     adidas then attempted to disguise its violation of CMG's rights by sending "samples" of the Infringing Merchandise to CMG's office located in Indianapolis, Indiana.

34.     adidas' use of Jackie Robinson's name, image, and likeness in connection with promotion, advertisement, and sale of the Infringing Merchandise was not authorized by CMG, and was done without CMG's consent and in spite of CMG's repeated, explicit advisement to adidas before adidas proceeded that CMG did not approve of, and in fact prohibited, adidas' plans to continue such use of Jackie Robinson's name, image, signature, and likeness in connection with the Infringing Merchandise.

35.     Since at least April 2017, adidas has used Jackie Robinson's name, image, signature, and likeness without CMG's authorization in connection with advertising and selling the Infringing Merchandise.  Specifically, the Infringing Merchandise includes the following products manufactured and sold by adidas: (1) the specialty baseball cleats named by adidas the "2017 Special Edition Jackie Robinson adizero Afterburner"; (2) the trainers named by adidas the "2017 Special Edition Jackie Robinson adidas Baseball Icon Turf Trainer"; (3) specialty batting gloves; (4) specialty arm sleeves; and (5) the t-shirt named by adidas the "Jackie

Robinson Day Tee."  The design of the Infringing Merchandise is centered around Jackie

Robinson's signature, which is highlighted in gold foil above a 70th anniversary stencil

commemorating the date Jackie Robinson began playing major league baseball.  adidas has

intentionally and explicitly marketed and sold the Infringing Merchandise as associated with,

endorsed by, and/or sponsored by Jackie Robinson and/or the Robinson Estate.  Below are

pictures of the Infringing Merchandise shown on adidas' website:

([http://news.adidas.com/US/Latest-News/adidas-creates-special-edition-cleats---icon-turf-trainer](http://news.adidas.com/US/Latest-News/adidas-creates-special-edition-cleats---icon-turf-trainer)

to-honor-jackie-robinson/s/cdab65d0-363a-48ab-b934-8f1567f1ee3b):







36.    The Infringing Merchandise features Jackie Robinson's name, image, signature, and likeness in the following ways, amongst others:

a.    The Infringing Merchandise explicitly features "Jackie Robinson" in its name;

b.    The Infringing Merchandise features Jackie Robinson's signature;

c.    The Infringing Merchandise commemorates the date on which Jackie Robinson began playing major league baseball;

d.    The Infringing Merchandise features a numeric stencil that is inspired by Jackie Robinson's gym bag that displayed his uniform number;

e.    The Infringing Merchandise features a bronze plate that is inspired by Jackie Robinson's Hall of Fame bust; and

f.    The Infringing Merchandise features Jackie Robinson's statistics, which are stamped into the heel pulltabs of the cleats and trainers.

10

37.     adidas first released the Infringing Merchandise for sale on April 14, 2017, the day before Jackie Robinson Day.

38.     In advance of Jackie Robinson Day, adidas sent the specialty baseball cleats, trainers, batting gloves, and arm sleeves to a variety of professional baseball players and then shared certain players' posts thanking adidas for the merchandise on social media websites such as Twitter.  Below are screenshots of adidas' social media posts advertising the players' use of the Infringing Merchandise:



 adidas Baseball Retweeted

**Eduardo Nunez** ✔ @EduardoNunez15 · Apr 15                    ⌄

Thank you @adidasbaseball for this gift and opportunity to celebrate the life of a true @mlb and American Hero, Jackie Robinson. 👣 🏃 #42



↩ 4          ♻ 100          572

39.     adidas also heavily advertised the specialty baseball cleats, trainers, and apparel on its website and its own social media webpages, including Twitter and Instagram.  Below are screenshots of adidas' social media posts advertising the Infringing Merchandise:







40.    Attached hereto as **Exhibit 1** is a copy of the press release issued on April 10, 2017 in which adidas announced the creation and sale of the Infringing Merchandise beginning on April 14, 2017.  The press release is titled "adidas Creates Special Edition Cleats & Icon Turf Trainer to Honor Jackie Robinson" and states, "[t]o celebrate the 70th anniversary of Jackie Robinson breaking baseball's color barrier on April 15, 1947, adidas today unveiled a special edition baseball cleat and turf trainer."

41.    Attached hereto as **Exhibit 2** is a copy of a post from FOX Sports' website reporting on April 11, 2017 that adidas would be selling the Infringing Merchandise beginning on April 14, 2017 to mark the 70th anniversary of Jackie Robinson's entrance into major league baseball.

42.    adidas' unauthorized use of Jackie Robinson's name, image, signature, and likeness in connection with advertising, promoting, and selling the Infringing Merchandise was and is intended to deceive consumers and to cause consumer confusion and mistake as to the affiliation, connection, or association of Jackie Robinson with the Infringing Merchandise, and as to the origin, sponsorship, or approval of the Infringing Merchandise by Jackie Robinson, the Robinson Estate, and/or his assignees, and/or CMG.  Jackie Robinson is not only one of the most famous athletes in U.S. history; he also was an important champion for civil rights.  Due to extensive media attention, including the annual tradition Jackie Robinson Day in baseball stadiums nationwide and the well-known film "42," the consuming public understands that Jackie Robinson is associated with athletics, specifically baseball, and would readily understand that adidas' use of the name "Jackie Robinson" in connection with the Infringing Merchandise is a reference to Jackie Robinson.  Indeed, adidas expects and intends consumers to understand this as part of its marketing efforts and readily admits as much.

43.    adidas continues to unlawfully use Jackie Robinson's name, image, signature, and likeness in connection with advertising, promoting, and selling their Infringing Merchandise.

44.    adidas' conduct has caused, and continues to cause, substantial, immeasurable, and irreparable harm to CMG.  In particular, adidas' conduct has damaged the value to CMG of

Jackie Robinson's name, image, and likeness; has damaged CMG's ability to license Jackie Robinson's name, image, and likeness; and has damaged CMG's ability to enforce its rights to Jackie Robinson's name, image, and likeness against third parties.

## V.      THE CLAIMS.

### FIRST CAUSE OF ACTION
**(False Endorsement and Unfair Competition under 15 U.S.C. § 1125(a))**

45.      CMG realleges and incorporates by reference the foregoing paragraphs as though fully set forth here.

46.      adidas has deliberately and willfully used and continues to use, in commerce, Jackie Robinson's name, image, signature, and likeness in connection with the Infringing Merchandise, a commercial product, without CMG's consent.

47.      adidas' use of Jackie Robinson's name, image, signature, and likeness in connection with the Infringing Merchandise constitutes a false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Jackie Robinson with the Infringing Merchandise or with adidas, or as to the origin, sponsorship, or approval by Jackie Robinson of adidas' goods, services, or commercial activities, including its advertising and sale of the Infringing Merchandise.

48.      As a direct and proximate result of adidas' acts alleged herein, CMG has been damaged and suffered harm.

49.      CMG's remedy at law is not adequate to compensate it for the injuries inflicted by adidas.  Accordingly, CMG is entitled to a permanent injunction pursuant to 15 U.S.C. § 1116.

50.      On information and belief, adidas' acts are willful and malicious, and intended to injure and cause harm to CMG.

51.      By reason of adidas' acts alleged herein, CMG is entitled to recover adidas' profits, treble damages and the costs of the action under 15 U.S.C. § 1117.

52.     This is an exceptional case making CMG eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION
**(Violation of Right of Publicity under Ind. Code § 32-36-1-8)**

53.     CMG realleges and incorporates by reference the foregoing paragraphs as though fully set forth here.

54.     Jackie Robinson is a "personality" within the meaning of Ind. Code § 32-36-1-6 because his name, signature, image, and likeness has commercial value.

55.     adidas knowingly and willfully used Jackie Robinson's name, image, signature, and likeness for purposes of advertising or selling, or soliciting purchases of, the Infringing Merchandise.

56.     CMG's principal place of business is, and at relevant times has been, Indianapolis, Indiana.  CMG is the registered agent in Indiana for Jackie Robinson's rights of publicity.

57.     adidas did not obtain CMG's consent, written or otherwise, to use Jackie Robinson's name, image, or likeness in any manner.

58.     As a direct and proximate result of adidas' acts, including acts taking place in Indiana, CMG has been damaged and suffered harm, including injury to the value of its exclusive rights to Jackie Robinson's name, image, signature, and likeness.

59.     The above-described acts of adidas violates CMG's right of publicity as the exclusive, worldwide agent and representative for the Robinson Estate and his wife Mrs. Rachel Robinson under Ind. Code § 32-36-1-8, entitling CMG to relief.

60.     By reason of adidas' acts alleged herein, CMG is entitled to recover adidas' profits and its actual damages under Ind. Code § 32-36-1-10, and/or statutory damages.  CMG is also entitled to treble damages, injunctive relief, attorneys' fees and costs.

## THIRD CAUSE OF ACTION
### (Common Law Unfair Competition)

61.     CMG realleges and incorporates by reference the foregoing paragraphs as though fully set forth here.

62.     adidas has knowingly, intentionally, and maliciously commercially exploited Jackie Robinson's name, image, signature, and likeness without CMG's consent.  adidas' use of Jackie Robinson's name, image, signature, and likeness in connection with the Infringing Merchandise constitutes a false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Jackie Robinson with the Infringing Merchandise or with adidas, or as to the origin, sponsorship, or approval by Jackie Robinson of adidas' goods, services, or commercial activities, including its advertising and sale of the Infringing Merchandise.

63.     adidas' conduct, as alleged above, constitutes unfair competition under the common law of the state of Indiana.

64.     adidas has deliberately and willfully used and continues to use, in commerce, Jackie Robinson's name, image, signature, and likeness in connection with the Infringing Merchandise, a commercial product, without CMG's consent.  adidas' conduct has caused, and, if not enjoined, will continue to cause substantial and irreparable damage to the rights of CMG in Jackie Robinson's name, image, signature, and likeness.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

65.     CMG realleges and incorporates by reference the foregoing paragraphs as though fully set forth here.

66.     At the expense of and detriment to and without the prior express (or implied) authorization of CMG, adidas has been unjustly enriched through its knowing, intentional,

willful, and malicious actions of using Jackie Robinson's name, image, signature, and likeness on and/or in connection with the Infringing Merchandise.

67.     adidas' conduct has caused, and, if not enjoined, will continue to cause substantial and irreparable damage to the rights of CMG in Jackie Robinson's name, image, signature, and likeness.

**FIFTH CAUSE OF ACTION**
**<u>(Deception)</u>**

68.     CMG realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

69.     With the intent to promote the purchase or sale of the Unauthorized Merchandise as herein complained and by engaging in the conduct as herein described and complained of, adidas has disseminated to the public products and/or advertisements that adidas knows are false, misleading, and/or deceptive.

70.     On the basis of adidas' unlawful and illegal actions as herein complained of, adidas has committed deception as defined under Indiana law at I.C. § 35-43-5-3(a)(6).

71.     adidas' commission of deception has proximately caused CMG to suffer damages in a sum as yet to be ascertained but which damages continue to accrue and accumulate.

72.     CMG will continue to be irreparably harmed by adidas unless adidas is preliminarily enjoined from adidas' unlawful business practices; to-wit, the unauthorized and infringing use of Jackie Robinson's name, image, signature, and likeness on and/or in connection with the Infringing Merchandise as more fully complained of herein, which unauthorized use constitutes deception under Indiana law.

73.     CMG's remedy at law is inadequate to prevent further violation of its rights.

## VI.   DEMAND FOR JURY TRIAL.

74.   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, CMG demands a trial by jury of all issues that may be tried to a jury in this action.

## VI.   PRAYER FOR RELIEF.

WHEREFORE, CMG asks for a judgment as follows:

1.   Permanently enjoining and restraining adidas and its agents, servants, employees and attorneys, and those persons in active concert or participation with adidas during the pendency of this action, and thereafter perpetually, from:

a.   using Jackie Robinson's name, image, signature, or likeness, facsimile signature, or any word, symbol, phrase, term, photograph, or image confusingly similar thereto, alone or prominently displayed in promotional material, advertisements, web pages, signs, or in any other way in connection with the advertising, distribution, offering for sale or sale of products or services not authorized by CMG, including in connection with the Infringing Merchandise;

b.   infringing Jackie Robinson's name, image, signature, or likeness in any manner;

c.   committing any acts of false designation of origin relating to the unauthorized use of Jackie Robinson's name, image, signature, or likeness;  and

d.   unfairly competing with CMG in any manner whatsoever or misappropriating Jackie Robinson or CMG's reputation and goodwill;

2.   Awarding CMG all damages it has sustained as a consequence of adidas' acts complained of herein for violation of right of publicity, unfair competition, infringement, willful infringement, false endorsement as well as treble damages, treble damages, and statutory damages where permitted;

3.   That adidas be ordered to account to CMG for, and disgorge, all profits they have derived by reason of the unlawful acts complained of herein;

4.   That adidas be ordered to pay CMG's reasonable attorneys' fees, prejudgment interest, and costs of this action under 15 U.S.C. § 1117 and/or Ind. Code § 32-36-1-12;

5.      That adidas be directed to undertake corrective advertising to remedy the confusion, mistake and deception caused by their unauthorized use of Jackie Robinson's name, image, signature, and likeness;

6.      That adidas be directed under 15 U.S.C. §1116 to file with the Court and serve upon CMG within thirty (30) days after the issuance of any injunction a report in writing and under oath setting forth in detail the manner and form in which adidas has complied with the injunction; and

7.      That CMG be awarded such other and further relief as the Court may deem just and the circumstances warrant.

Dated:  Indianapolis, Indiana                          SOVICH MINCH, LLP,
         July 11, 2017

                                                       /s/ Theodore J. Minch
                                                       _____
                                                       Theodore J. Minch (IN18798-49)
                                                       445 North Pennsylvania, Suite 605
                                                       Indianapolis, Indiana 46204
                                                       (317) 335-3601 (t)
                                                       tjminch@sovichminch.com

                                                       Attorneys for the CMG Worldwide, Inc.